IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,575-01






EX PARTE DAVID WAYNE MCDOWELL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-0143430-LV IN THE 292ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual
assault and sentenced to fifteen years' imprisonment. The Fifth Court of Appeals affirmed his
conviction. McDowell v. State, No. 05-03-00781-CR (Tex. App.--Dallas 2004, pet. ref'd).

 This application was filed in Dallas County on April 9, 2013. Applicant contends that the
State destroyed and failed to disclose evidence. The trial court recommended that we dismiss this
application because an "A" application was previously filed in Dallas County and the trial court has
not made findings of fact and conclusions of law in response to the "A" application. 

 We have not held that when an applicant files an amended or "B" application, it should be
dismissed because an "A" application is pending in the trial court. Such a dismissal might result in
a future dismissal under Article 11.07, § 4 of the Code of Criminal Procedure, if the "A" application
challenged the conviction and an applicant filed a subsequent application in the trial court after we
denied the "A" application. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Patterson, 993
S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As
we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the
appropriate forum for findings of fact. The trial court may use any means set out in Tex. Code
Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant's
due process rights were violated. Brady v. Maryland, 373 U.S. 83 (1963); Arizona v. Youngblood,
488 U.S. 51 (1988). The trial court shall also make any other findings of fact and conclusions of law
that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: June 12, 2013

Do not publish